**EVANS TRANSPORTATION COMPANY, Plaintiff,**

v.

**SCULLIN STEEL COMPANY, Defendant.**

No. 81 C 5735.

United States District Court, N. D. Illinois, E. D.

Jan. 28, 1982.

Leonard Schanfield, Robert R. Tepper and Erica Tina Helfer, Rosenthal & Schanfield, Chicago, Ill., for plaintiff.

---

Richard K. Wray and Andrew L. Spivack, Arnstein, Gluck & Lehr, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff, Evans Transportation Company (hereinafter referred to as Transportation) brings this claim for an alleged breach of contract against defendant, Scullin Steel Company, (hereinafter referred to as Scullin). The jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1332. Before the court is defendant Scullin's motion to dismiss or, in the alternative, to stay this proceeding pending the resolution of a prior action filed in the Missouri State Court by Scullin for damages arising out of the same contract naming as a defendant Evans Product Company (hereinafter referred to as Products), Transportation's parent company. For the reasons which follow, plaintiff's claim will be dismissed without prejudice.

Those facts relevant to the resolution of this motion are not in dispute and are substantially as follows. On September 11, 1981, Scullin filed an action which is presently pending in the Circuit Court of the City of St. Louis, Missouri (hereinafter referred to as "the Missouri action"). In the Missouri action, Scullin seeks damages for an alleged breach of a contract entered into on June 19, 1978 between Scullin and Southern Iron and Equipment Company (hereinafter Southern), a division of Transportation. An answer has been filed by defendant Products in the Missouri action, denying that it entered into the aforementioned contract, and plaintiff has propounded its first set of interrogatories.

On October 13, 1981 Transportation instituted the present action alleging that Scullin had breached the contract between Scullin and Southern. Scullin immediately filed the present motion. The fate of Southern is not disclosed by the record, however, it is clear that Southern is no longer available as an entity for suit. The same contract, however, is the subject matter of both lawsuits.

Scullin argues that the present lawsuit, which arises out of the same transactions, is duplicative of the parallel state action and an attempt by Transportation to deprive it of a more convenient forum. Transportation argues that judicial economy and convenience are insufficient reasons to stay or dismiss the present action, contending that the court's discretion is limited to those situations which present exceptional circumstances.

It is well established that the pendency of an action in a state court is not a bar to proceedings concerning the same matter in a federal court having jurisdiction. Equally well established, however, is the principle that a district court is under no compulsion to exercise that jurisdiction when the controversy may be settled "more expeditiously in the state court." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 663, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504. The decision to exercise jurisdiction under these circumstances, where a prior parallel state action involving substantially the same parties and substantially the same issues has been filed, is committed to the discretion of the district court.

In the present case, the court finds that the issues presented in the Missouri action, and the parties,[1] are substantially similar to the issues and parties in the present action. The subject matter of this litigation is governed exclusively by state law and therefore no federal policies are implicated which would counsel against dismissal of the present action. *Brillhart v. Excess Inc. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In addition, the court finds that the Missouri forum is a more convenient forum for both parties to conduct this litigation. The court believes that principles of judicial economy militate in favor of dismissal of the present action as Transportation has failed to demonstrate

---

1. Transportation has raised the fact that the parties in these parallel actions are not in fact identical. The court is not persuaded, on the basis of the materials submitted, that the Missouri action cannot comprehensively resolve the controversy between the parties.

that the issues presented cannot be completely resolved in the Missouri action. Under the circumstances presented, the court believes that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).

For the reasons stated, plaintiff's action will be dismissed without prejudice and with leave to reinstate should it become apparent that the Missouri action cannot resolve the controversy between the parties.