**EVANS TRANSPORTATION
COMPANY,
Plaintiff-Appellant,**

v.

**SCULLIN STEEL COMPANY,
Defendant-Appellee.**

**No. 82–1230.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 28, 1982.

Decided Nov. 30, 1982.

Robert R. Tepper, Rosenthal & Schanfield, Chicago, Ill., for plaintiff-appellant.

Richard K. Wray, Arnstein, Gluck & Lehr, Chicago, Ill., for defendant-appellee.

Before WOOD, ESCHBACH and POSNER, Circuit Judges.

POSNER, Circuit Judge.

For the third time in recent months we are faced with the difficult question of a federal court's power to decline to exercise its diversity jurisdiction because a parallel proceeding is pending in a state court. See *Microsoftware Computer Systems, Inc. v. Ontel Corp.,* 686 F.2d 531 (7th Cir.1982); *Voktas, Inc. v. Central Soya Co.,* 689 F.2d 103 (7th Cir.1982).

In 1978 Scullin Steel Company contracted to sell Southern Iron and Equipment Company steel rail-car castings manufactured in Scullin's plant in Missouri. Southern is a division of Evans Transportation Company and the castings were for Evans' use in manufacturing railroad cars. The contract was to run through 1983 but Southern stopped buying castings from Scullin sometime in 1981, allegedly because they were defective. In September 1981 Scullin brought a damages suit for fraud and breach of contract in a Missouri state court, naming as the defendant however Evans *Products* Company. Evans Transportation is a wholly owned subsidiary of Evans Products; and some of the correspondence between the parties to the contract, on the buyer's side, had been signed by officers of Evans Products—who were at the same time officers of Evans Transportation—on Evans Products stationery.

One month later Evans Transportation brought this damages suit in an Illinois federal district court against Scullin, alleging that Scullin rather than Evans Transportation or Evans Products had broken the contract, by shipping defective castings. Federal jurisdiction was based on diversity of jurisdiction. Evans Transportation is an Illinois corporation with its principal place of business in Illinois. Scullin is a Delaware corporation with its principal place of business in Missouri; this makes Scullin a citizen of both Delaware and Missouri for diversity purposes, see 28 U.S.C. § 1332(c).

Evans Products moved to dismiss the Missouri suit on the ground that it was not a party to the contract sued on. Scullin moved to dismiss, or in the alternative stay, this suit on the ground that it would be inconvenient to have to defend it while prosecuting the Missouri action. In January 1982 the court below dismissed the suit "with leave to reinstate should it become apparent that the Missouri action cannot resolve the controversy between the parties." 530 F.Supp. 787, 789 (N.D.Ill.1982). Evans Transportation appealed to this court.

Shortly before oral argument, Evans Transportation filed with us copies of pleadings that had been filed in the Missouri action after the decision of the court below (together with a motion to add these documents to the record on appeal, which we granted at the oral argument). From this submission we learn of the following developments. Scullin amended its complaint in the Missouri action in April of this year to add Evans Transportation as a defendant. The amended complaint alleges that Evans Transportation rather than Evans Products is the buyer under the contract, but retains Evans Products as a defendant on the ground that it participated in the fraud and that anyway Evans Transportation is just an alter ego of Evans Products. Having been brought into the Missouri action Evans Transportation removed that action to federal district court in Missouri under 28 U.S.C. § 1441(a) and then moved that court to dismiss it from the action on the ground that it does not have a sufficient presence in Missouri to be suable in that state. (Evans Products could not have removed the Missouri action when it was the only defendant, because like Scullin it is a Delaware corporation.) Scullin has filed a petition to remand the case to the Missouri state court, arguing that so long as Evans Products is a defendant it is immaterial that another defendant is of diverse citizenship. See 28 U.S.C. § 1441(b). Evans Transportation replies that the naming of Evans Products as a defendant was a fraudulent device to prevent removal; Scullin denies this. The federal district court in Missouri has not yet acted on Scullin's petition to remand.

Federal courts sometimes relinquish jurisdiction of a case in favor of a state court

having concurrent jurisdiction ("abstain"), but until *Mottolese v. Kaufman,* 176 F.2d 301 (2d Cir.1949) (L. Hand, J.), it was generally believed that the mere fact that a parallel state action was pending when the federal suit was filed was not a sufficient basis for staying or dismissing the federal suit, at least if that suit did not seek declaratory or injunctive relief but, as here, merely damages. *Mottolese* said it was a sufficient basis, and gradually attracted a good deal of support at the court of appeals and district court levels. See, e.g., *Amdur v. Lizars,* 372 F.2d 103 (4th Cir.1967), and in this circuit *Aetna State Bank v. Altheimer,* 430 F.2d 750, 756 (7th Cir.1970). The Supreme Court did not speak directly to the question until *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Although *Colorado River* involved special factors that warranted abstention in favor of the parallel state action, the Court formulated the issue in general terms: "In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider [in addition to whether the state court has assumed jurisdiction over property, see *id.* at 818, 96 S.Ct. at 1246–1247] such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative .... Only the clearest of justifications will warrant dismissal." *Id.* at 818–19, 96 S.Ct. at 1247 (citations omitted). In *Calvert Fire Ins. Co. v. Will,* 560 F.2d 792, 796 (7th Cir.1977), this court interpreted the last quoted sentence as confining the doctrine of *Mottolese* to "exceptional circumstances" (picking up language from another passage in the *Colorado River* opinion, see 424 U.S. at 818, 96 S.Ct. at 1246), and overruled the leading case in this circuit that had followed *Mottolese, Aetna State Bank v. Altheimer, supra.* The Supreme Court reversed *Calvert* but without producing a majority opinion. 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). On remand this court interpreted the Supreme Court's deci-

sion as indicating that a majority of the Justices were adhering to the standard announced in *Colorado River.* See 586 F.2d 12 (7th Cir.1978). But we later upheld the stay that the district court had granted, because the federal suit had been filed for purposes of delay. See 600 F.2d 1228, 1234 (7th Cir.1979). Our recent decision in *Voktas, Inc. v. Central Soya Co., supra,* reaffirms the continued validity, in this circuit at least, of the *Colorado River* test. See 689 F.2d at 106–08.

■ *Mottolese,* if read to hold that the pendency of a parallel state court suit is a sufficient basis for the district judge's staying a suit in his court, is therefore not the law in this circuit, despite its having been cited with apparent approval in our latest *Calvert* decision. See 600 F.2d at 1236. So read it would be contrary to *Colorado River,* which this circuit follows. Thus it is not enough, to justify abstention, that a failure to stay the federal suit may result in judicial diseconomy—in having two active lawsuits instead of one. That will always be possible when there is a parallel state suit pending. It is true that *Colorado River, Aetna,* and *Calvert* are all cases where federal jurisdiction was based on the presence of a federal question, rather than on diversity of citizenship as in *Mottolese,* and that the diversity jurisdiction is increasingly embattled. It is based on a concern that many think outmoded (the danger of prejudice in a state court toward out-of-state litigants), and it is a drain on federal judicial resources at a time when the federal courts are groaning under an unprecedented caseload. But until Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant, and we would be doing just that if we allowed a weaker showing of judicial economy to justify abstention in a diversity case than in a federal-question case.

■ Even when abstention is justified, the federal suit should not be dismissed, as it was in this case; it should be stayed. The state suit may wash out. If that happens, the party who wanted to be in federal

court and whose claim was within that court's jurisdiction ought to be allowed to get back in. The interest in avoiding two active lawsuits, which we have said is insufficient by itself to deprive a litigant of access to federal court, would not even exist in those circumstances. Nor can we treat the district court's order of dismissal in this case as the equivalent of a stay, as Scullin asks us to do. It is not the equivalent, not quite, anyway. The statute of limitations may be a bar to reinstating the suit after it is dismissed; it would not be if the suit were just stayed. True, Illinois tolls the statute of limitations if a federal court dismisses an action for lack of jurisdiction, Ill.Rev.Stat.1981, ch. 110, § 13–217, but it is unclear whether the dismissal in this case would be so construed. Since there is no good reason for creating a legal issue gratuitously, by calling a stay a dismissal, the question for us is not whether to affirm the judgment but whether to modify it by directing the district court to convert its order of dismissal into a stay, and affirm the judgment as thus modified.

There is a deceptive blandness about the word "stay," as if its issuance or denial were a routine housekeeping matter, unrelated to the substantial rights of the parties. In fact a district judge rarely stays a suit pending before him. The pace of litigation is determined mainly by the parties. Despite the increase in the caseload of the federal district courts in recent years and the pressure that the Speedy Trial Act exerts on the civil calendar, the civil queue is still short in most districts and parties who wish to move their case forward to an early trial usually can do so. For a judge to interrupt the progress of a suit by a stay is not routine and at least in the present setting is not inconsequential, since if the trial is delayed until the parallel state court lawsuit has run its course res judicata and collateral estoppel may leave nothing of substance to be determined in the federal suit. In practical effect, apart from statute of limitations consequences, a stay is the equivalent of a dismissal without prejudice. When it operates to deny a litigant a federal forum to which the jurisdictional statutes

appear to entitle him it should not be granted unless there are reasons going beyond the interest in judicial economy, an interest engaged whenever there are parallel suits.

Whether there are such reasons in the present case may depend on whether we look at the facts as they appeared to the district court in January of this year when it issued the stay or as they exist today. In January about all the district court knew or could have known was that one month before the suit had been brought the defendant (Scullin) had filed an action, arising out of the same subject matter, against an affiliate of the plaintiff. Although Scullin argues that the federal suit is just a ploy by which Evans Transportation is trying to defeat the jurisdiction of the Missouri courts, there is no basis in the record for this argument and no indication that the district court accepted it. One could with equal or perhaps greater plausibility describe Scullin's action in suing Evans Products rather than Evans Transportation in a Missouri state court as a ploy to prevent Evans Transportation from removing that action to a federal court in Missouri or maintaining a suit in a federal court in Illinois.

It appears, therefore, that the principal basis on which the district court decided to give priority to the Missouri state court action was simply that it had been filed a month earlier than the federal suit. (The district court's order does contain a finding "that the Missouri forum is a more convenient forum for both parties to conduct this litigation," but there is no explanation why it is more convenient.) The order of filing, however, has little significance by itself. The contract on which these suits are based had broken down sometime in 1981—it is unclear when—so there is no basis for thinking that Evans Transportation dawdled in preparing its lawsuit against Scullin. If we gave weight to the fact that Evans Transportation filed its complaint a month after Scullin, we would be signaling future litigants in Evans Transportation's position that when sued they had better stay up all night and file their countersuit the next

day rather than the next month. There is no point in inviting such races, and little precedent for doing it here. Even before the Supreme Court in *Colorado River* said that a federal suit should not be stayed or dismissed because of a pending parallel state suit except on the clearest of justifications, stays or dismissals were rarely upheld just because the state suit had been filed a few weeks before the federal. Typically the state suit was well under way at the time the federal suit was filed, see, e.g., *Amdur v. Lizars, supra,* 372 F.2d at 107; *Milk Drivers & Dairy Employees Union Local No. 338 v. Dairymen's League Co-Operative Ass'n, Inc.,* 304 F.2d 913 (2d Cir. 1962), or more complete relief was available in the state litigation, see, e.g., *Aetna State Bank v. Altheimer, supra,* 430 F.2d at 757; *Thompson v. Boyle,* 417 F.2d 1041 (5th Cir. 1969), or at least, as in *Mottolese* itself, the interval between the filings of the suits was longer (a year there).

Our recent decision in *Microsoftware Computer Systems, Inc. v. Ontel Corp., supra,* is not a deviation from this pattern. The parties were citizens of different states and had state law claims against each other. Ontel sued first, in a New York state court. Microsoftware could have gotten into federal court by removing that suit to the federal district court in New York but instead it brought a diversity action against Ontel in Illinois. If it had removed, there would have been one suit, a diversity suit in a New York federal court, rather than two suits, the diversity suit in Illinois and the state court suit in New York. The first alternative would have promoted judicial economy yet at the same time have fully protected Microsoftware's interest in litigating the case in a federal court; and we concluded that the diversity suit in Illinois should be stayed. See 686 F.2d at 537. Though by then it was too late for Microsoftware to remove the New York state suit to a federal court, Microsoftware could blame no one but itself for that.

If as in *Microsoftware* the question is not whether the federal claimant shall have access to a federal court but which federal court he shall have access to, considerations of judicial economy become decisive, for there is no question of depriving a litigant of his right to litigate in federal court. But the present case is different—or was when the district court dismissed it in January. Evans Transportation could not have removed the Missouri suit to federal court, because it was not a party to the suit, and it could not have forced Scullin to join it as a party. Its parent, Evans Products, was a party, but could not remove because it was a citizen of the same state as Scullin. Since diversity is not affected by the citizenship of corporate affiliates, the federal district court in Illinois was a proper forum under section 1332 for Evans Transportation's litigation with Scullin, as well as the only federal forum open to Evans Transportation. At least it was a proper forum if Evans Transportation's suit against Scullin was brought in good faith—was not the action of a contract breaker pretending to be the victim of a breach of contract. There is no evidence of bad faith; and it may be significant that Scullin's complaint acknowledges that Evans Transportation had complained about the quality of the castings before the contract broke down.

■ We conclude that the district court should not have dismissed this action, even if dismissal is converted, as we think it must be in any event, into a stay. But in light of events in Missouri since the dismissal, brought to our attention surprisingly by Evans Transportation rather than by Scullin, we think the proper disposition of this appeal is not to reverse outright ›but to remand to the district court for reconsideration of whether a stay should be entered. If the federal court in Missouri denies Scullin's petition for remand and the present case is not stayed, there will be two federal actions going on at the same time in different states with regard to the same claims. That makes no sense, and of course a stay of one would not deprive anyone of access to the federal courts. Therefore the district court may decide on remand to enter a stay pending the outcome of the remand proceeding in Missouri; and as the substantive law to be applied to the controversy is

apparently that of Missouri, and Missouri seems to be at least as convenient to the parties and their witnesses as Illinois, and maybe more so, the district court may decide to continue the stay in force if the petition to remand is denied, and thereby allow the controversy between the parties to be litigated in the federal court in Missouri.

But the case should not be stayed—not stayed automatically, in any event—if the petition to remand is granted and the Missouri action returned to the Missouri state court. True, there will then be two parallel suits (this federal court suit in Illinois, and the state court suit in Missouri), and each plaintiff-counterdefendant may try to rush his forward and delay the other suit in order to increase the likelihood that the outcome in the forum he prefers will dictate the outcome in the other forum under principles of res judicata and collateral estoppel. But as happened in *Voktas,* once it is plain that the federal suit is going forward the state court may decide to stay the state suit. If it does not, there will be a loss of judicial economy if the federal suit is allowed to proceed but that may be the unavoidable price of giving diversity litigants their rights under 28 U.S.C. § 1332.

All this assumes, however, that the only factor supporting abstention in this case is that the state suit was filed first. There may be others. For example, because the contract was signed and performed in Missouri, the applicable substantive law is probably that of Missouri, see, e.g., *Cook Associates, Inc. v. Colonial Broach & Mach. Co.,* 14 Ill.App.3d 965, 971, 304 N.E.2d 27, 31 (1973), and the Missouri state court knows the law of Missouri better than the federal courts in Illinois do. But probably this is not a very important factor, especially as it seems that the main issue in these cases will be governed by the Uniform Commercial Code, which is in force in both states. More important, Missouri may be a more convenient forum for the witnesses; if so, this conceivably might tip the balance to abstention. But that is for the district judge to consider in the first instance; as mentioned earlier, we do not consider his brief reference to the convenience of the parties a

sufficient exercise of his discretion. Another factor that might warrant abstention seems not to be present: the Missouri state court action is no closer to trial than the federal action in Illinois. If it were, we would wonder why Evans Transportation had failed to press its diversity suit and whether it had any hope of accelerating past the state suit. But here we are dealing with proceedings that are not only parallel but neck and neck.

The judgment of the district court dismissing the complaint is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.