**MECHANICAL SYSTEMS, INC.,
Plaintiff,**

**v.**

**The CADRE CORPORATION, Defendant.**

**No. 83 C 2745.**

United States District Court,
N.D. Illinois, E.D.

June 28, 1983.

Marvin F. Metge, Gorham, Metge, Bowman & Hourigan, Chicago, Ill., for plaintiff.

Debora L. Threedy, Mayer, Brown & Platt, Robert F. Finke, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Mechanical Systems, Inc. ("MSI") brings this diversity action against The Cadre Corporation ("Cadre") asserting misrepresentations and inadequate performance by Cadre in connection with a construction project on which both parties were subcontractors. Cadre has now moved alternatively (1) to stay further proceedings in this action

pending resolution of a virtually identical Delaware state court case, *Cadre Corporation v. Mechanical Systems, Inc.,* No. 83 C–AP–26, or (2) to transfer this action to the District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"). For the reasons stated in this memorandum opinion and order Cadre's motion is denied entirely.

## Background

MSI is a Delaware corporation with its principal place of business in Illinois. Cadre is a Georgia-based corporation (as to both its place of incorporation and its principal place of business). In 1980 MSI and Cadre, working closely together, submitted complementary bids for construction and installation of an emission control system (the "System") at the East Moline, Illinois foundry owned by John Deere & Company ("Deere"). Those bids contemplated MSI would install equipment and component parts furnished by Cadre and would supply and install other parts of the System as designed and engineered by Cadre. Deere's general contractor, Blount Brothers Corporation ("Blount"), accepted the bids and the parties completed the work. According to MSI's Complaint, Cadre forced MSI to incur financial losses by (1) performing its project responsibilities in a deficient and untimely manner and (2) making misrepresentations that induced MSI to tender a non-remunerative bid.

In a February 11, 1982 letter to Cadre, MSI had demanded payment for substantially the same claims presented in its Complaint. MSI later decided to defer any legal action against Cadre, preferring instead to seek recovery from Blount and Deere via arbitration proceedings. Then Cadre's February 23, 1983 letter for the first time asserted MSI owed Cadre approximately $12,000 for certain design work. On March 29, 1983—shortly after the arbitration proceedings had ended—both Cadre and MSI sent letters threatening legal action if the other did not pay the requested amount. Cadre was the first to carry out its threat, filing the Delaware state court action April 6, 1983—approximately two weeks before MSI brought this lawsuit. Cadre's Complaint there raises substantially the same issues as are involved here: It seeks (1) reimbursement for the allegedly unpaid design work [1] and (2) a declaration as to its liability to MSI.

## Motion To Stay

Over the past few years our Court of Appeals has issued at least four opinions as to a federal court's power to refrain from exercising its jurisdiction pending the outcome of a parallel state proceeding. *Evans Transportation Co. v. Scullin Steel Co.,* 693 F.2d 715 (7th Cir.1982); *Voktas, Inc. v. Central Soya Co., Inc.,* 689 F.2d 103 (7th Cir. 1982); *Microsoftware Computer Systems, Inc. v. Ontel Corp.,* 686 F.2d 531 (7th Cir. 1982); *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.,* 600 F.2d 1228 (7th Cir.1979). Though its initial stabs at this elusive issue were somewhat inconsistent, *Evans* (its most recent decision) provides a coherent analytical framework that reconciles those discrepancies with a heavy application of judicial gloss.

*Evans* (693 F.2d at 717) reaffirmed the Court's adherence to the "exceptional circumstances" formulation of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976):

> Although *Colorado River* involved special factors that warranted abstention in favor of the parallel state action, the Court formulated the issue in general terms: "In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider [in addition to whether

---

1. Presumably when Cadre files its responsive pleading, it will include a counterclaim for

those claimed damages.

the state court has assumed jurisdiction over property, see *id.* at 818, 96 S.Ct. at 1246–1247] such factors as the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative.... Only the clearest of justifications will warrant dismissal. *Id.* at 818–19, 96 S.Ct. at 1247 (citations omitted).

*Evans* also reviewed several important ramifications of the *Colorado River* doctrine:

1. Satisfaction of the *Colorado River* test warrants a stay, not outright dismissal, of the federal action (even though *Colorado River* spoke in terms of dismissal). 693 F.2d at 717–18.

2. *Colorado River* demands the same showing of judicial economy regardless of the jurisdictional predicate (diversity or federal-question) of the federal proceeding. *Id.* at 717.

3. Parallel *federal* actions require a lesser showing of judicial economy to justify suspension of proceedings. *Microsoftware* had prescribed those liberal abstention standards and confirmed their applicability to situations where the plaintiff in the later-filed federal action fails to exercise its right to remove the parallel state suit to a federal forum (as actually occurred in *Microsoftware*). *Id.* at 719.

4. Abstention is not justified by the mere fact the state suit was filed before the federal one. *Id.* at 720.

5. "Inconvenience of the federal forum" requires a *balancing* of the relative convenience of the two courts involved, embracing such factors as convenience to the witnesses and parties and each court's familiarity with the applicable substantive law. *Id.* at 720.[2]

■ *Cadre* can find no comfort in the *Colorado River* abstention principles:[3]

1. Delaware jurisdiction has not been assumed over any property.

2. While the Delaware suit was brought first, that factor alone is not determinative. Indeed it hardly carries any weight at all given (a) the threshold status of both proceedings and (b) the proximity of their filing dates. *See Evans,* 693 F.2d at 720.

3. Considerations of convenience overwhelmingly favor resolution of the parties' dispute in this forum rather than in the Delaware state court:

(a) Convenience of the witnesses is particularly well served by adjudicating the controversy here, for the witnesses each side expects to call include:

(1) MSI personnel in Illinois who worked on the System, prepared and negotiated the MSI-Blount subcontract or communicated with Cadre employees in coordinating the two subcontracts involving MSI and Cadre,

(2) Cadre personnel in Atlanta, Georgia who ordered and supervised delivery of materials to the project, performed design work or prepared and negotiated the Cadre-Blount subcontract,

(3) Blount employees in Illinois and Dayton, Ohio and

(4) perhaps employees of Cadre's and MSI's subcontractors who reside in Georgia, Illinois or other states bordering on Illinois (e.g., Michigan).

---

**2.** This proposition can be extracted from *Evans'* examples of factors bearing on the abstention calculus.

**3.** Cadre mistakenly asserts its motion to stay is governed by *Microsoftware*'s less stringent standards. That contention would have some merit were *Microsoftware* read without the benefit of *Evans'* revisionist interpretation. But as *Evans* makes clear, *Microsoftware*'s abstention formulation is applicable in situations involving concurrent federal and state proceed-

ings only if the defendant in the state suit (who is also the plaintiff in the federal action) eschewed an opportunity to remove the state suit to a federal forum. In this case MSI had no such opportunity. Under 28 U.S.C. § 1441(b) MSI (a citizen of the state in which it was sued) cannot remove to a federal district court an action incapable of being grounded on federal question jurisdiction.

While it is unclear how many witnesses in Illinois and the neighboring states can be reached by this Court's subpoena power, there can be no doubt those witnesses would find this forum much more convenient than the distant Delaware forum. And as for the Atlanta witnesses, neither forum offers significantly more convenience.

(b) Much the same may be said as to convenience of the parties. MSI not only conducts most of its business in Illinois, but also has its offices in this District. It has never had an office or transacted any business in Delaware. Its only connection with that state is indeed attenuated: It has appointed a registered agent there, as Delaware requires of any corporation organized under its laws. As for Cadre, both forums are relatively distant from its Atlanta offices. Thus the substantial convenience of an Illinois forum to MSI greatly outweighs whatever marginal convenience (if any) a Delaware forum holds for Cadre.

(c) Though not a critical factor, the costs of transporting documents will also be minimized by litigation here rather than in Delaware. Relevant documents possessed by MSI, Deere and Blount are located in Illinois (in Rock Island and Cook Counties). Location of Cadre's documentation—Atlanta, Georgia—is neutral in terms of convenience.

(d) Finally this Court is a more convenient forum because Illinois law is likely to apply to virtually all aspects of the Complaint:

(1) Count I involves alleged misrepresentations made by Cadre during negotiations held in Illinois.

(2) Count IV asserts Cadre's contractual obligation to pay for work performed by MSI at the Illinois construction site.

(3) Counts II and III attack Cadre's performance of its obligations under its subcontract and a purported agreement

with MSI—actions that arguably took place at its Atlanta offices. Nevertheless because those actions related to an Illinois construction project, the breach of contract components of those counts may well be controlled by Illinois law. Moreover the Illinois choice of law provision in Cadre's proposal to Blount (which became part of its subcontract) reinforces that conclusion. As for the negligence components of those counts, Illinois or Georgia—but certainly not Delaware—is the state with "the most significant contacts."

In short, all conceivable aspects of the convenience inquiry point decidedly towards this federal forum—so much so that this Court has not really had to engage in the "balancing" process ordinarily required by that abstention criterion.

4. *Colorado River*'s final factor (424 U.S. at 800, 96 S.Ct. 1236)—"desirability of avoiding piecemeal litigation"—has no relevance in this case, for the Delaware lawsuit and this action involve essentially the same issues. And as *Evans* made clear, the judicial diseconomies of having two parallel lawsuits instead of one do not counsel abstention. Even were that prospect a relevant concern, its weight is considerably diminished by the very real possibility the Delaware state court will grant MSI's pending motion for dismissal on forum non conveniens grounds in light of that lawsuit's tenuous connections with Delaware.

In sum, *Colorado River*'s nonexhaustive list of abstention considerations does not support deferral to the Delaware state court. And because Cadre has not identified any other "special factors counseling ... against the exercise of jurisdiction," *Voktas*, 689 F.2d at 107 (quoting *Calvert Fire*, 600 F.2d at 1234), this Court must deny Cadre's motion to stay.[4]

*Section 1404(a) Motion To Transfer*

■ As an alternative to a stay, Cadre seeks to transfer this action to the District of Delaware under Section 1404(a):

---

4. In view of this holding, this Court need not determine the factual and legal validity of

MSI's contention that Cadre's filing of the Delaware action for forum-shopping purposes mili-

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

That too must be denied.

Of course the *Colorado River* doctrine obviously differs from the Section 1404(a) inquiry in important respects. But this Court's earlier analysis of relative convenience leaves absolutely no doubt that transfer is unwarranted under Section 1404(a)'s substantive criteria—even assuming the Delaware court continues to adjudicate the state action.

Cadre advances two additional arguments for transfer not addressed in connection with its motion to stay:

    1.  Having both the federal and state actions in Delaware obviates the need for two sets of attorneys and documents.

    2.  Management Statistics for 1981 for the District Courts indicate the average time from issue to trial in civil cases is 11 months in the District of Delaware and 17 months in the Northern District of Illinois. Threedy Aff. Ex. A.

This Court is not very sympathetic to the first contention, for the wound of the Delaware action is self-inflicted by Cadre and could be healed simply by abandoning that inconvenient forum. As for the second, any pair of litigants that addresses the issues and concludes discovery with dispatch can go to trial in this Court's courtroom too in less than a year.[5] But most important, even if accepted both arguments pale in comparison to the factors that overwhelmingly favor retention.

*Conclusion*

Cadre's motion to stay or transfer this action is denied. Cadre is directed to answer the Complaint on or before July 8, 1983.

---

tates against abstention. *Cf. Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218–19 (2d Cir.1978) (later-filed federal action will ordinarily be stayed pending resolution of the earlier parallel *federal* action unless "balance of convenience" or "special circumstances"—including proof the first action was inspired by forum-shopping considerations—justifies giving priority to the second action).

**5.** Like so many statistical arguments, a contention based on averages is flawed unless it is also shown that the current case is "average" (whatever that may mean) as well. Suffice it to say that, as in civil contempt cases, the key to the litigant's cell (in this instance the key to a prompt trial) is in its own pocket.