### SEARS, ROEBUCK & COMPANY, Plaintiff,

v.

### The TRAVELERS INDEMNITY COMPANY, Defendant.

### No. 85 C 8700.

United States District Court, N.D. Illinois, E.D.

Feb. 6, 1986.

Michael R. Turoff, Adele Rapport, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for plaintiff.

Marthe C. Purmal, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Travelers Indemnity Company's (Travelers) motion to stay is denied.

Generally, federal courts have an obligation to exercise federal jurisdiction. The existence of a state court action is no bar to proceeding concurrently on the same

matter in federal court. However, it is well settled that a district court is "under no compulsion to exercise that jurisdiction where the controversy may be settled more expeditiously in the state court." *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531, 537 (7th Cir.1982).

Travelers argues that the issues before this Court are substantially similar to the issues before a New York state court. Moreover, Travelers asserts that the action before this Court should be stayed pending the resolution of that New York action. This Court disagrees.

 The action before this Court is dissimilar to the state court action for two reasons. First, defendant Travelers is a party in only one of the two cases. Travelers is not a party to the state court action. The resolution of the state court action would not necessarily determine the rights of plaintiff Sears or the duties of Travelers, with respect to Travelers indemnifying Sears.

Second, the issues before both courts are not identical but only casually related. In the federal action, Sears seeks a declaratory judgment that Travelers is obligated to defend and indemnify Sears. Sears alleges it is entitled to be defended and indemnified by Travelers in all suits arising out of Sears' sales of King-Seeley products. Sears believes Travelers is obligated to defend and indemnify Sears by virtue of an insurance policy Travelers issued to manufacturer King-Seeley.

In the state court action, a Sears customer filed suit against Sears claiming he was injured by one of Sears' products. Allegedly, the product was originally manufactured by King-Seeley, but sold by Sears. Sears filed a third-party complaint against King-Seeley. Sears claims King-Seeley has a contractual obligation to indemnify Sears for any judgment rendered against Sears that arises out of a customer's injury from a defective King-Seeley product.

This Court finds that a stay is not warranted. Sears' contractual obligation claim against King-Seeley is not significantly similar to Sears' declaratory judgment claim against Travelers.

■ Finally, Travelers argues that the federal court action should be stayed because no federal question jurisdiction exists. This Court disagrees. It is well settled that federal diversity claimants are not second-class litigants. Therefore, the existence of a federal question is entirely irrelevant to the question of whether to defer to a pending parallel state case. *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715, 717 (7th Cir.1982).

Accordingly, Travelers' motion to stay this proceeding is denied.