James C. UTECH, Plaintiff,

v.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Defendant.

Civ. A. No. 89–2245–O.

United States District Court, D. Kansas.

July 24, 1989.

Gene C. Napier, Hubbell, Sawyer, Peak & O'Neal, Kansas City, Mo., and Robert D. Loughbom, Kansas City, Kan., for plaintiff.

Dwight D. Sutherland, Jr., Watson, Ess, Marshall & Enggas, Olathe, Kan., and Philip J. Adams, Jr., Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the defendant's motion to dismiss. The plaintiff has failed to timely respond to the motion, which was filed on June 21, 1989; however, on July 21, 1989 ten (10) days out of time, the plaintiff filed a motion for an extension. Because we find no excusable neglect,[1] the motion for an extension is denied. *See* D.Kan. Rule 114. We thus consider the defendant's motion to dismiss to be uncontested. *See* D.Kan. Rule 206(g). For the reasons that follow, we deny the motion to dismiss, but stay this action pending resolution of a state court case.

The plaintiff, an employee of the defendant, allegedly sustained personal injuries from inhaling sulphur dioxide leaking from a tank car while he was working on March 31, 1987. He made a claim against the defendant, and because the claim could not be resolved, the defendant filed a declaratory judgment action in Kansas state court on March 31, 1989. The state court action sought a declaration as to the defendant's (the plaintiff's in the state court action) liability, and further sought contribution and indemnification from the two companies which allegedly owned or controlled the tank car. On May 24, 1989, the plaintiff filed this action under the Federal Em-

---

1. The plaintiff's counsel states that he "has been involved in extensive discovery and proceedings in two cases filed in federal court in the Northern District of Oklahoma and one case filed in federal court in the Eastern District of Oklahoma. All of which had trial settings and plaintiff's counsel was meeting the deadlines established by the court in those cases." Busy schedules are commonplace and unremarkable; plaintiff's counsel should have made time to address the motion or draft his one-page motion for an extension within the deadline. His failure to do so does not constitute excusable neglect.

ployers' Liability Act, 45 U.S.C. § 51 et seq., (FELA) naming only his employer, and not the companies that allegedly owned and controlled the car, as a defendant.

The defendant contends that dismissal is proper because of the *Colorado River* doctrine. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Generally, the court should exercise the jurisdiction which it is granted; however, there are certain exceptions. The *Colorado River* doctrine, which is intended to avoid duplicative litigation, allows a federal court to abstain from exercising its jurisdiction when exceptional circumstances exist. *See id.* Factors which the court should consider in determining whether exceptional circumstances exist include the order in which the state and federal courts obtained jurisdiction, the convenience of the federal forum, and the desirability of avoiding piecemeal litigation. *Id.* at 818, 96 S.Ct. at 1246. The determination of whether to abstain under *Colorado River* "is largely committed to the discretion of the district court." *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978).

 In the instant action, we find that abstention under *Colorado River* is warranted. The state court action was filed about two (2) months before this action, and thus it may have a "headstart" on this action. Additionally, the state court action was filed in McPherson County, Kansas, where the alleged injury occurred and where the plaintiff and many of the likely witnesses in this case reside. Thus, the state court is a more convenient forum than is this court. Finally, abstention will avoid piecemeal litigation. The statute of limitations on the defendant's contribution and indemnification causes of actions is two (2) years. *See* K.S.A. 60–513(a)(4); *see also Gaulden v. Burlington Northern, Inc.*, 232 Kan. 205, 214, 654 P.2d 383, 391 (1982). Because the two (2) year period has expired, those causes of action cannot be asserted as cross claims and litigated in this action. Instead, they must be resolved in the state court action. In contrast, the plaintiff's FELA claims can be litigated in state court. Moreover, the fact that the FELA claims involve substantive federal law does not render abstention inappropriate. *See Will*, 437 U.S. at 664, 98 S.Ct. at 2558. For these reasons, we find that this court should abstain from exercising jurisdiction over this action under the principles set forth in *Colorado River*. However, rather than our granting the defendant's motion to dismiss, we will stay this action pending resolution of the state court action. *See Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715, 717–18 (7th Cir.1982) (when abstention is justified, an action should be stayed rather than dismissed).

IT IS THEREFORE ORDERED that the motion of the defendant St. Louis Southwestern Railway Company to dismiss the plaintiff's complaint is denied. However, this action is stayed pending resolution of the action pending in Kansas state court.