**Lynn HINRICHS, Plaintiff,**

v.

**Patricia GOODRICH, Secretary, Wisconsin Department of Health and Social Services, Individually, and in her official capacity, Defendant.**

No. 90–C–0072–C.

United States District Court, W.D. Wisconsin.

Nov. 30, 1990.

David R. Gault, Western Wisconsin Legal Services, Dodgeville, Wis., for plaintiff.

F. Thomas Creeron, III, Asst. Atty. Gen., Madison, Wis., for defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C. § 1983, in which plaintiff seeks a declaratory judgment and permanent injunction preventing defendant Goodrich from terminating plaintiff's benefits or refusing to grant benefits to plaintiff under the Aid to Families with Dependent Children program for plaintiff's failure to register for a work program for AFDC beneficiaries. Plaintiff contends that her decision to teach her children at home in accordance with her religious beliefs warrants her exemption from the AFDC work program. She challenges defendant's decision to reduce her benefits as a violation of her constitutional rights under the free exercise clause of the First Amendment, and the equal protection and due process clauses of the Fourteenth Amendment.

The matter is before the court on defendant's motion to dismiss on the ground that the pendency of state judicial proceedings requires this court to abstain from adjudicating plaintiff's constitutional claims. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). I conclude that, because the pending state court action is neither a prosecution of plaintiff for violation of a state statute nor the judicial review of an administrative proceeding brought against plaintiff to enforce a state law, it is not the type of proceeding to which the *Younger* doctrine applies. I conclude also that no exceptional circumstances exist that would permit this court to refuse to exercise jurisdiction over this case simply because a state action is pending. Therefore, defendant's motion to dismiss will be denied.

On a motion to dismiss, I am required to treat as true all of the well-pleaded allegations of the complaint and to draw all reasonable inferences in plaintiff's favor. I find that the complaint can be read as alleging the following.

## ALLEGATIONS OF FACT

Plaintiff is a resident of Sauk County, Wisconsin. She has received monthly AFDC grants for the support of herself and her children. Defendant is the Secretary of the Wisconsin Department of Health and Social Services, the state agency responsible for the implementation and administration of the AFDC program in Wisconsin.

Plaintiff has six children. She believes that she has a responsibility to ensure that her children are taught "the word of God." She is impelled to teach her children in her home in a manner consistent with her religious beliefs because the public schools do not teach the word of God and there are no private religious schools accessible to her children.

Presently, plaintiff teaches her four youngest children at home from 8:30 a.m. until 4:00 p.m. Her program has been approved by the Wisconsin Department of Public Instruction pursuant to Wis.Stat. §§ 118.15(4) and 118.165(1).

Under state law, all persons receiving AFDC benefits must register with the Wisconsin Employment Opportunities Program, a work incentive plan. Wis.Admin. Code § HSS 201.19(1). Home-based teaching is not a permissible exemption, even if the educational program is approved by the Department of Public Instruction.

Plaintiff has requested that she be exempt from participation in the Employment Opportunities Program because she teaches her children at home full-time for religious reasons. Her request was denied on January 9, 1989. The Sauk County Department of Human Services issued a Notice of Decision indicating that plaintiff's AFDC benefits would decrease effective February 1, 1989 because of her failure to participate in the work program.

On January 23, 1989, plaintiff requested a fair hearing through the Wisconsin De-

partment of Health and Social Services. On October 16, 1989, a hearing officer found both that plaintiff did not have good cause for her failure to comply with the Wisconsin Employment Opportunities Program and that she was not exempt from such participation. The hearing officer declined to adjudicate plaintiff's constitutional claims on the ground that they were beyond the authority delegated to her by statute. On October 25, 1989 plaintiff requested a rehearing on this decision, which was denied on November 29, 1989. That order constitutes a final decision of the department.

## ADDITIONAL FINDINGS OF FACT

On December 21, 1989, plaintiff filed a petition in the Sauk County Circuit Court, asking for review of the Department of Human Services' decision, including its constitutionality. That petition is pending. On February 1, 1990, plaintiff filed this complaint.

## OPINION

Defendant's motion to dismiss raises the question whether this court must abstain from adjudicating plaintiff's constitutional claims because of the pendency of the state court proceeding initiated by plaintiff to review the administrative denial of her request for an exemption from the AFDC work requirements. The parties agree that resolution of this issue involves interpretation of the *Younger* doctrine governing abstention; they disagree about the application of that doctrine to the particular facts of this case.

■ Although it is well settled that abstention by a federal court is the exception, not the rule, *New Orleans Public Service, Inc. (NOPSI) v. Council of City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 2518, 105 L.Ed.2d 298 (1989); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the federalist nature of our system requires that the central government attempt to protect federal rights and yet "not unduly interfere with the legitimate activities of the states."

*Younger v. Harris*, 401 U.S. at 44, 91 S.Ct. at 750. "[A]bsent extraordinary circumstances" such as bad faith or harassment, a federal court should abstain from granting a request to enjoin a state criminal proceeding. *Id.* at 43–44, 91 S.Ct. at 750–751. The rationale rests primarily on the idea of "comity," that is,

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Id.* at 44, 91 S.Ct. at 750.

Using this rationale, the Supreme Court has extended the *Younger* principle to non-criminal proceedings. For example, the Court has held that abstention is required in cases involving certain quasi-criminal and civil proceedings where important state interests are at stake, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (state-prosecuted obscenity abatement action in aid of and closely related to criminal prosecution); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (civil contempt order analogous to criminal proceedings and necessary to safeguard regular functioning of state judicial system); *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (civil proceeding by state to recover fraudulently obtained welfare benefits); *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (state suit for child custody necessary to protect abused children) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (application of state's lien and bond provisions to litigant appealing an adverse civil judgment). The Court has also held *Younger* applicable to state administrative proceedings "in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claims." *Ohio Civil Rights Comm'n v. Dayton*

*Christian Schools, Inc.*, 477 U.S. 619, 627, 106 S.Ct. 2718, 2723, 91 L.Ed.2d 512 (1986) (proceeding to enforce state civil rights statute). *See also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (state bar disciplinary proceedings).

■ Defendant contends that this case comes within the expanded *Younger* doctrine. She argues that all of the elements mandating *Younger* abstention are present: 1) the pendency of a state proceeding of a judicial or quasi-judicial nature, 2) that implicates important state interests, and 3) provides an adequate opportunity for the federal plaintiff to raise constitutional challenges. *Middlesex Ethics Comm.*, 457 U.S. at 432, 102 S.Ct. at 2521.

With respect to the first element, defendant has shown that the hearing Wisconsin afforded to plaintiff was judicial in nature. Plaintiff was entitled to formal notice of hearing requirements, Wis.Stats. § 227.44(2); she had the opportunity to present and to rebut evidence, § 227.44(3); the hearing was transcribed, § 227.44(6); and a written opinion was issued that could be appealed to state court.

With respect to the second element, Wisconsin has an important interest in enforcing its benefits scheme. *See, e.g., Trainor v. Hernandez*, 431 U.S. at 444, 97 S.Ct. at 1918 (state's interest in administering and "safeguarding [the] fiscal integrity" of its public assistance programs sufficient to warrant *Younger* application); *Kelly v. Lopeman*, 680 F.Supp. 1101, 1109 (S.D. Ohio 1987) (important state interest in administration of unemployment compensation scheme).

Last, defendant points out, correctly, that although plaintiff could not pursue her constitutional claims at the administrative hearing, the state court review process provides her an opportunity to be heard on these claims. *See Dayton Christian Schools*, 477 U.S. at 626–27, 106 S.Ct. at 2722–23 (sufficient for *Younger* purposes that federal plaintiff had a full and fair opportunity to litigate constitutional claims for the first time in state court review of administrative proceeding).

It is true, as defendant argues, that the steady expansion of *Younger* suggests that federal courts are precluded from ever exercising jurisdiction over federal constitutional challenges to state laws or policies when a state administrative or judicial proceeding is pending. However, two recent cases have established that there are exceptions to this general rule. In *NOPSI v. Council of City of New Orleans*, 109 S.Ct. 2506, the Supreme Court held that *Younger* does not require abstention in deference to a state judicial proceeding reviewing legislative or executive action. The Court noted that "[s]uch a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *Id.* at 2518. In *Alleghany Corp. v. Haase*, 896 F.2d 1046 (7th Cir.1990), the court of appeals noted a second exception applicable to the present case. The court held that *Younger* was never intended to apply to

> cases in which the federal plaintiff has not violated state law, has not exposed himself to a state enforcement proceeding, is not a defendant in such a proceeding, but merely seeks to sweep away an illegal obstacle to his activities. *Illinois v. General Electric Co.*, [683 F.2d 206, 212 (1982)].

*Id.* at 1051. The court noted that, in such circumstances, comity is not a consideration because the state is not dealing coercively or punitively with a malefactor to vindicate its important interests.

In *Alleghany*, the plaintiff insurance company was challenging a Wisconsin law that required approval of the state insurance commissioner for any acquisition of more than ten percent of the stock of an insurance company or the parent of an insurance company incorporated in Wisconsin. (Alleghany had brought the same challenge in federal courts in other states with similar laws.) Before filing its suit in federal court, plaintiff applied to the commissioner for permission to acquire twenty percent of the common stock of the St. Paul Companies, Inc., and was turned down. Rather than seeking review of the

decision in state court as it was entitled to do, it sued the commissioner in federal court. Defendants' motion to dismiss under *Younger* was granted, but was reversed on appeal.

In holding that *Younger* abstention did not apply to Alleghany's federal court cases, the court of appeals focused on the doctrine's limited scope. Ordinarily, a state is entitled to proceed against violators of state law in its own courts or administrative agencies without interruption by a federal court. *Alleghany Corp.*, 896 F.2d at 1051. However, "*Younger* is confined to cases in which the federal plaintiff ha[s] actually or arguably violated a state statute, thereby exposing himself to an enforcement proceeding in state court...." *Id.* at 1053.

■ Although it would be inappropriate interference with a state's effort to proceed against wrongdoers for a federal court to intervene in an ongoing state administrative or judicial trial and appeals process, it would not be inappropriate to exercise jurisdiction in circumstances in which the federal plaintiff could have initiated a federal suit against state officials in the first place, as Alleghany Corporation could have. *Id.* at 1052. The fact that the plaintiff attempts to resolve the dispute administratively is not a bar to obtaining federal court relief if the effort fails. "[T]he principles of federalism would be affronted rather than protected" if firms in Alleghany's position were deterred from applying for state approval before challenging the constitutionality of a statute in federal court. *Id.* at 1051.

Defendant argues that the *Alleghany* decision is inapplicable to the present dispute for a number of reasons: because Alleghany relinquished the corporate takeover pursuit occasioning its challenge to state law; because Indiana and Wisconsin are "taking steps" to vacate the Seventh Circuit's decision; and because the Court of Appeals for the Eighth Circuit upheld abstention in the *Alleghany* cases it heard. None of this is persuasive. Unless the Seventh Circuit decision is actually vacated, it remains controlling precedent in this jurisdiction.

The fact that Alleghany decided not to pursue its right to litigate the case further or decided to change its business strategy does not affect the precedential value of the case. Moreover, *Alleghany* did not express an entirely novel view of the law. Its holding was foreshadowed in *Illinois v. General Electric Co.*, 683 F.2d 206 (7th Cir.1982), a federal court challenge to the Illinois Spent Nuclear Fuel Act brought by the owner of a nuclear waste storage facility. In that case, the court of appeals rejected Illinois' efforts to invoke *Younger* as a bar to the exercise of federal court jurisdiction simply because a state court suit was pending, noting that "[i]n every case that the state has cited the federal claimant had gone ahead and violated state law, thereby bringing into play the state's interest in redressing violations of its laws in its own courts." *Id.* at 213. General Electric avoided the *Younger* bar by choosing to sue first, rather than proceeding to bring nuclear waste into Illinois and waiting for the state to bring an enforcement action.

Defendant contends that if *Alleghany* is applicable, plaintiff satisfies its threshold criteria for abstention: she is a "malefactor" against whom the state is taking action. According to defendant, plaintiff violated state law by her refusal to register for the state job program, as evidenced by the state's subsequent decision to reduce her AFDC benefits.

This effort to cast plaintiff as a wrongdoer does not stand up to close examination. Plaintiff is not a malefactor. Defendant makes no allegation that plaintiff has engaged in any fraud in pursuing her right to receive benefits from the state. *Cf. Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911 (*Younger* requires federal court abstention when plaintiff is subject of state proceedings to recover payments that had been obtained by allegedly fraudulent means). Plaintiff's home teaching of her children is not a violation of any state law; it is affirmatively permitted by state law. Wis.Stats. §§ 118.15(4) and 118.165(1). Plaintiff is simply challenging a condition imposed upon her if she wants to receive AFDC benefits. In this respect, she is seeking to do exactly what Alleghany was attempting: to challenge a statute impos-

ing an allegedly unconstitutional requirement as a condition of obtaining a benefit. In plaintiff's case the benefit is the receipt of AFDC payments; in Alleghany's case, it was the opportunity to purchase the stock of an insurance company.

Defendant cannot characterize as punishment the decision of the Wisconsin Department of Health and Social Services that plaintiff did not have good cause for exemption from the work requirements, any more than the insurance commissioner could characterize as punitive or coercive his ruling on Alleghany's request for permission to purchase insurance company stock.

There can be no interference with a *state prosecution* in this case, because no prosecution has ever been initiated against plaintiff. *Lemon v. Tucker*, 664 F.Supp. 1143 (N.D.Ill.1987) (*Younger* did not require federal court to abstain from hearing challenges to constitutionality of procedures by which discrimination claims were handled by Illinois Department of Human Rights, where no state prosecutions had been brought against challengers). The relief plaintiff requests would not result in an injunction against a state court's efforts to enforce state law. Rather, she is seeking "to enjoin on federal grounds a state law whose meaning has been settled by state officials." *Alleghany Corp.*, 896 F.2d at 1052.

In short, there is no significant difference between the facts in *Alleghany* and those in this case. Like Alleghany Corporation, which was seeking approval of its acquisition efforts, plaintiff is seeking a benefit: the continued receipt of AFDC payments. Like Alleghany Corporation, plaintiff could have brought her suit challenging the state's administration of the AFDC work program without first seeking an administrative hearing on her right to an exemption from the program's requirements.

■ The only remaining question is whether plaintiff must go forward with the pending state court action simply because she initiated it before she began this suit. If *Younger* applied, exhaustion would be required. "[F]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." *NOPSI*, 109 S.Ct. at 2518. However, *Younger* does not apply, and "there is no general requirement of exhausting state judicial or administrative remedies before bringing a federal suit...." *Alleghany Corp.*, 896 F.2d at 1050 (citing *Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)) (no requirement under 42 U.S.C. § 1983 to exhaust administrative remedies).

■ It is well settled that the existence of parallel proceedings in federal and state court does not mandate abstention by a federal court. *See, e.g., Colorado River*, 424 U.S. at 813, 817, 96 S.Ct. at 1244, 1246; *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715 (7th Cir.1982); *LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556 (7th Cir.1989). Only exceptional circumstances justify a federal court's refusal to decide a case within its jurisdiction out of deference to the state courts. *Moses H. Cone Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244. *See also Illinois v. General Electric Co.*, 683 F.2d at 213 (case law does not support broad rule of abstention that whenever parallel state and federal suits are pending, federal suit must be stayed). *See also NOPSI*, 109 S.Ct. 2506 (federal plaintiff's filing of a state court action to review ratemaking no barrier to maintenance of subsequently filed federal court action). I conclude that the pendency of the state court action does not bar this court's exercise of jurisdiction over plaintiff's challenge to the constitutionality of Wisconsin's administration of the AFDC program.

### ORDER

It is ordered that defendant's motion to dismiss this case on abstention grounds is DENIED.