**COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 59, an Illinois municipal corporation, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.**

**No. 85 C 328.**

United States District Court, N.D. Illinois, E.D.

May 22, 1985.

John A. Relias, Gwenda M. Burkhardt, Vedder, Price, Kaufman & Kammholz, for plaintiff.

Lawrence R. Moelmann, Eric Blomquist, Hinshaw, Culbertson, Moelmann, etc., for defendant.

**MEMORANDUM OPINION**

GRADY, District Judge.

This case is before us on the motion of defendant United States Fidelity & Guaranty Co. ("USF & G") to stay or dismiss plaintiff's complaint because plaintiff's suit is duplicative of litigation now pending in

---

* (The complaint should be redrafted in compliance with Rule 8(a)(2), *supra.*)

state court. For the reasons given below, proceedings in this case are stayed.

## BACKGROUND

Plaintiff Community Consolidated School District No. 59 ("the District"), an Illinois municipal corporation, contracted with F.J. Richter Construction Co., Inc. ("Richter"), an Illinois corporation, to construct an administrative office building. Defendant USF & G, a Maryland corporation, executed payments and performance bonds in connection with the project as surety: Richter is the principal on the bonds and the District is the obligee.

The District became dissatisfied with Richter's performance and eventually terminated it pursuant to their contract for failure to perform. This alleged failure to perform, termination and its consequences have resulted in the filing of multiple lawsuits in the Circuit Court of Cook County, Illinois. In July 1984, Richter sued the District for breach of contract, and the District counterclaimed, also for breach of contract. Subsequently, USF & G sued the District in state court for an accounting and declaratory judgment. Finally, one subcontractor is suing Richter, USF & G and the District. The first three state suits (*Richter v. District, USF & G v. Richter,* and *USF & G v. District*) have been consolidated in state court.

The District's federal suit claims that due to Richter's breach of its obligations under its contract with the District, USF & G must pay the District in excess of $380,-000.00, pursuant to the bond. USF & G has indicated that its defense will be that the District materially breached its contract with Richter, and that the underlying contract between Richter and the District is void because the District failed to obtain voter approval for the project pursuant to Ill.Rev.Stat. ch. 22, ¶ 10–22.36. Memorandum in Support of USF & G's Motion to Dismiss or Abate at 3.

## DISCUSSION

USF & G has moved for a dismissal or stay on the grounds that this suit is duplicative of the above multiple state court proceedings. The District concedes that at least one of the state suits (*USF & G v. District*) involves issues identical to those found in the federal suit. Memorandum in Opposition to United States Fidelity and Guaranty Company's Motion to Dismiss or Abate at 3, n. 1. Richter's suit against the District, combined with the District's counterclaim, also presents the same breach of contract issues that the District seeks to litigate in this court. See Memorandum in Support of USF & G's Motion, Exhs. A, B.

When identical suits are pending in state and federal court, the federal court under certain circumstances may invoke what is commonly termed "type four abstention," or "abstention to avoid duplicative litigation." *See Thompsen v. Ashner,* 601 F.Supp. 471, 474 (N.D.Ill.1985). This type of abstention was first treated in depth by the Supreme Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). There, the Court reversed the Tenth Circuit's reversal of the district court's dismissal of a federal suit on abstention grounds. While recognizing the district court's "virtually unflagging obligation" to exercise the jurisdiction given it, the Court stated that there are exceptional situations in which a court may abstain in order to avoid the waste of duplicative litigation. *Id.* at 817–18, 96 S.Ct. at 1246. Although it stated that the determination whether to abstain cannot rest on a "mechanical checklist," the Court did note several factors which may be taken into account: (1) the order in which jurisdiction was obtained by the concurrent forums; (2) inconvenience of the federal forum; (3) desirability of avoiding piecemeal litigation; (4) absence of progress in the federal court litigation; (5) presence in the suit of extensive rights governed by state law; and (6) the parties' previous willingness to litigate similar suits in state court. *Id.* at 818, 820, 96 S.Ct. at 1246, 1247. *See Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983).

Recently, the Court confirmed its position that the abstention doctrine as ex-

pounded in *Colorado River* should guide lower courts in determining whether to abstain in order to avoid duplicative litigation. *See Arizona v. San Carlos*, 463 U.S. 545, 103 S.Ct. 3201, 3215, 77 L.Ed.2d 837 (1983); *Cone*, 460 U.S. at 13–19, 103 S.Ct. at 935–39. *San Carlos* and *Cone* express the Court's position that abstention is warranted in exceptional situations. For example, as in *Colorado River*, the issue in *San Carlos* related to water rights, which the Court found to be a state oriented subject under the McCarran Act. Therefore, in *San Carlos*, as in *Colorado River*, the Court found that the federal interest evinced in the McCarran Act of having the state adjudicate water rights issues called for abstention by the federal court, even when the rights of the United States or Indians were involved. *San Carlos*, 103 S.Ct. at 3215. In contrast, the Court found abstention unwarranted in *Cone*, because the state remedy could be inadequate, and because the case involved the issue of arbitrability, which would be governed by federal law. *Cone*, 460 U.S. at 24, 103 S.Ct. at 941. The Court noted in *Cone* that this state versus federal law issue was only of ambiguous relevance in *Colorado River*, but that the issue must always be a "major consideration" in determining whether to abstain. *Id.* at 26, 103 S.Ct. at 942.

The Seventh Circuit has followed *Colorado River* and *Cone* in several recent cases, *e.g., Illinois Bell Telephone Co. v. Illinois Commerce Commission*, 740 F.2d 566 (7th Cir.1984); *Board of Education of Valley View Community Unit School District No. 365U v. Bosworth*, 713 F.2d 1316 (7th Cir.1983); *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715 (7th Cir. 1982); *Voktas, Inc. v. Central Soya Co., Inc.*, 689 F.2d 103 (7th Cir.1982); and *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531 (7th Cir.1982). In *Illinois Bell*, the court found that the district court had not abused its discretion in denying a stay, noting that issues of federal law, deemed a major consideration in *Cone*, were involved. *Illinois Bell*, 740 F.2d at 570. In *Bosworth*, the court affirmed abstention, citing significant progress in the state court. *Bosworth*, 713 F.2d at 1322. In *Evans*, the court remanded the district court's decision to stay because the district court had only cited the fact that the state suit had been filed one month prior to the federal suit, and this factor alone could not be determinative. *Evans*, 693 F.2d at 105. In *Voktas*, the court affirmed denial of a stay, noting that the state court had stayed state proceedings because of its expressed disinclination to try the case due to its complexity. *Voktas*, 689 F.2d at 105. Finally, in *Microsoftware*, the court reversed the district court's denial of a stay, noting that the case involved no federal question, the state suit was filed first, and "there would be a grand waste of efforts by both the courts and the parties in litigating the same issues regarding the same contract in two forums at once." *Microsoftware*, 686 F.2d at 538. The court in *Microsoftware* also took into account the fact that the ordinary justification for having diversity jurisdiction was not present, since the Illinois corporation, not the out-of-state party, had filed the federal suit. *Id.* at 537.

While no clear guideline emerges from these Supreme Court and Seventh Circuit opinions, we believe that certain generalizations can be made. First, we must be biased against abstention—abstention is warranted only in "exceptional" cases. Second, in order to determine whether the instant case fits within the exception, we can begin by applying the six factors found in *Colorado River* and *Cone*:

(1) **Order in which jurisdiction was obtained.** This factor favors abstention. While the completely duplicative actions were filed at approximately the same time, the first case relating to this matter was filed in state court six months before the federal case was filed, and the District's counterclaim to that initial suit is basically duplicative of its position in the federal suit;

(2) **Inconvenience of the federal forum.** There is no particularized inconvenience, such as location distant from witnesses and other evidence. *See Mechanical Systems,*

*Inc. v. Cadre Corp.*, 567 F.Supp. 948, 950 (N.D.Ill.1983);

(3) **Piecemeal litigation.** This factor favors abstention, as we discuss below;

(4) **Absence of progress in the federal litigation.** The federal suit is at an early stage, since the complaint has not yet been answered;

(5) **Presence of state law issues.** This case involves exclusively state law claims;

(6) **The parties' previous willingness to litigate in state court.** The District has counterclaimed against Richter in state court, the significance of which is also discussed below.

Using these factors as a checklist, abstention appears desirable. But as the Supreme Court indicated, these factors are not to be mechanically applied, and, therefore, our next step is to determine which of these factors carry greater weight, and what additional factors, if any, should influence our decision in this particular case.

One general point which does appear consistently in the cases is that the absence of a federal question carries some weight. The Supreme Court called this a "major consideration," and the Seventh Circuit seemed to find this factor highly significant in *Microsoftware*. While we must be careful not to treat diversity litigants as "second class" plaintiffs, *see Evans*, 693 F.2d at 717, as also is noted in *Evans*, a diversity plaintiff's position is considerably weakened when he is not the out-of-state party. *See id.* at 719. *See also Microsoftware*, 686 F.2d at 537.

Ultimately, the issue of abstention must hinge on the facts of each particular case. The individualized facts of this case, coupled with the general factors cited above, call for abstention.

While Richter, the contractor, is probably not an indispensable party to this case, *see Fidelity & Deposit Co. of Maryland v. Sheboygan Falls*, 713 F.2d 1261, 1268 (7th Cir.1983), its presence would greatly facilitate the proceedings. The basic issue in dispute is whether Richter breached its contract with the District. The District

will argue that Richter did breach, while USF & G will defend Richter's performance. It appears that the only reason Richter is not in this suit is because its presence as a defendant would destroy diversity. Therefore, the District seems to be bypassing an obvious party in order to obtain jurisdiction in a case duplicative of an already pending state case in which Richter is a party and in which all the parties' claims can be fully adjudicated. The Supreme Court has cautioned against unseemly forum shopping, *San Carlos*, 103 S.Ct. at 3214, and while the District's behavior is not obviously vexatious, its filing of a federal suit that cannot determine the rights of the interested parties as fully as an already pending state action does appear to be the type of conduct subject to scrutiny under the Seventh Circuit's reasoning in *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1234 (7th Cir.1979). In *Calvert*, the court affirmed abstention because of the district court's finding that the plaintiff had filed federal suit as a reactive defensive maneuver for the purposes of delay. *Id.* at 1234. *See Voktas*, 689 F.2d at 108–09.

Richter's absence also underlines the presence in this case of *Colorado River*'s piecemeal litigation factor. Moreover, as indicated, subcontractors have filed suit in state court against the District and USF & G. While these suits apparently have not been consolidated with the District-Richter-USF & G suits, it may be that USF & G and the District's liability in the already consolidated cases hinges on aspects of the subcontractors' performances. Therefore, these subcontractors' cases could be consolidated with the District-Richter-USF & G suits, and this possibility further suggests the inadequacy of the federal forum in comparison to the state court's ability to thoroughly litigate *all* interested parties' claims.

Therefore, because abstention is warranted by the factors enumerated in *Colorado River*—including the major factors relating to piecemeal litigation and adjudi-

cation of purely state law claims—and because the state court can make a more complete adjudication, we will stay this case pending resolution of the state court proceedings.[1]

## CONCLUSION

Further proceedings in this case are stayed pending resolution of state court proceedings.

---

1. The Seventh Circuit has indicated that a stay is more appropriate than dismissal in "type four" abstention cases. *In re Ohio River Co. v. Carril-* lo, 754 F.2d 236 (7th Cir.1985); *Bosworth,* 713 F.2d at 1322.