**David KENT, Plaintiff,**

**v.**

**Carolyn COOK; David Emens; James Broadbent; Elkhart Community School Corp.; Frederick Bechtold, Superintendent; Elkhart School Board; Ronald Gunden; Charles Walker; William G. Cork; Ron Teall; Gloria Gregory; Richard Jensen; David Bonfiglio; John Does; Jane Does, Defendants.**

**No. S86–60.**

United States District Court,
N.D. Indiana,
South Bend Division.

June 20, 1986.

William J. Cohen and Edward J. Chester, Elkhart, Ind., for plaintiff.

R. Michael Parker and J. Scott Troeger, Elkhart, Ind., for defendants.

## MEMORANDUM and ORDER

MILLER, District Judge.

This matter is before the court on defendants' joint motion to stay these federal proceedings pending resolution of state court proceedings. Plaintiff David Kent alleges deprivation of federal constitutional rights actionable under 42 U.S.C. sections 1981, 1983 and 1985 (1981) and various pendent state law claims. This court's subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331, 1343 and 2201 (1981), is undisputed.

The plaintiff alleges that he was expelled from Elkhart Memorial High School in February of 1984 for violating school rules by consuming alcoholic beverages at a school-sponsored event. In April, 1984, Mr. Kent initiated a civil rights action in the Elkhart, Indiana, Superior Court, based on his expulsion. He alleged deprivation of due process and equal protection rights under the United States Constitution and the Indiana Constitution. Mr. Kent named the same fifteen defendants in the state court action as are named in the present action.

Mr. Kent filed this federal action on February 3, 1986, using a complaint that duplicates the complaint filed in state court some twenty-two months earlier. Both suits are class actions brought under sections 1983 and 1985; in both, Mr. Kent seeks equitable and monetary relief. According to various documents the parties have filed in conjunction with the motion to stay (including a copy of the plaintiff's amended state court complaint, a transcript

of a hearing in state court regarding class certification, and some documents relating to discovery in the state suit), the state court has held at least one hearing in the action, after which it denied class certification with leave to reassert the motion for certification, and the parties have engaged in some discovery. The defendants filed their motion for stay prior to answering plaintiff's complaint in this federal action, and the court extended their time for answering pending determination of the motion for stay.

The defendants maintain that all federal proceedings should be stayed pending resolution of the parallel state suit, based on: (1) judicial economy and the authority of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); (2) prudent exercise of equitable discretion to decline hearing suit for declaratory relief; and (3) preference of state court interpretation of difficult issues of state law, as directed in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The court need reach only the first issue.

## I

It should be noted, as a prefatory matter, that although Mr. Kent styled his memorandum as one "in support of federal jurisdiction", there is no dispute that this court has subject-matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1343, or that the Elkhart Superior Court has jurisdiction to enforce federal rights. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The issues before the court are not jurisdictional. Rather, the defendants ask this court to abstain from exercising its concurrent jurisdiction out of deference to state court. The mere "pendency of an action in the state court is no bar to proceedings concerning the same matters in federal courts having jurisdiction". *Colorado River Water Conservation District v. United States*, 424 U.S. at 817, 96 S.Ct. at 1246.

## II

### A

The first ground for stay is based on judicial economy under the *"Colorado River"* abstention doctrine. In 1976, the Supreme Court recognized an abstention doctrine based upon duplicative state litigation in *Colorado River Water Conservation District v. United States*, 424 U.S. at 800, 96 S.Ct. at 1236, an action brought by the United States against some one thousand litigants to determine property rights in river waters. The Court held that although a pending state court action does not alone warrant a stay or dismissal of federal proceedings concerning the same matter, exceptional circumstances may warrant dismissal of a federal suit in the face of concurrent state proceedings. *Id.*, 424 U.S. at 818, 96 S.Ct. at 1246. The *Colorado River* Court found such circumstances in the case before it, including: a clear federal policy, grounded in a federal statute, to avoid piecemeal adjudication of water rights in a river system; a comprehensive system to adjudicate water rights; and the absence of "weightier considerations of constitutional adjudication". *Id.*, 424 U.S. at 818–19, 96 S.Ct. at 1246–1247.

The *Colorado River* Court emphasized how narrow the class of exceptional circumstances would be. The Court stated that federal courts cannot lightly abdicate their responsibility to assert jurisdiction vested in them by Congress. The Court emphasized "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them". 424 U.S. at 811, 96 S.Ct. at 1243. Abstention is the exception, not the rule. In the Court's words:

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly

serve an important countervailing interest.

*Id.*, 424 U.S. at 813, 96 S.Ct. at 1244, *quoting County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959).

The emergence of this abstention doctrine was confused somewhat by the decision two years later in *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), in which the Court reversed a mandamus order directing a district court to entertain a case in which the district court had found abstention to be proper. *Calvert Fire*'s holding, however, is best understood as one addressing the propriety of mandamus, rather than abstention.

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), a district court had declined to exercise its jurisdiction over a contract dispute subject to the United States Arbitration Act of 1925 because of a parallel state court suit. The Court of Appeals reversed, and the Supreme Court affirmed that reversal, finding that no exceptional circumstances existed to warrant abstention. The Court reaffirmed that abstention due to parallel litigation in state courts is proper only under exceptional circumstances, and then only the clearest of justification warrants such abdication. *Id.*, 460 U.S. at 16, 103 S.Ct. at 937.

In *Lumen Construction, Inc. v. Brant Construction, Inc.*, 780 F.2d 691 (7th Cir. 1985), an opinion written by the petitioner in *Calvert Fire*, the Seventh Circuit Court of Appeals found abstention proper in a federal civil rights suit identical to a pending state case. Writing for the court, Judge Will identified several factors that a district court must consider when deciding whether to defer to pending state litigation, but noted that none of the factors is determinative alone. 780 F.2d at 694–695. Those factors are discussed below.

### (1)

Judge Will drew the first four factors from the *Colorado River* opinion. Whether either court has assumed jurisdiction over property is the first such factor; such assumption of jurisdiction has been held to be pre-emptive. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246; *Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). This factor was of no significance in *Colorado River* or *Moses H. Cone Memorial Hospital* or *Lumen Construction Inc.*, and it is of no significance here. Neither this court nor the Elkhart Superior Court has assumed jurisdiction over property; this action is *in personam* rather than *in rem*. This factor neither supports nor undercuts abstention.

### (2)

The second factor listed in *Lumen Construction* inquires into the inconvenience of the federal forum. In *Colorado River*, the Court noted the 300 mile distance between the district court and the state court. In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed.2d 1055 (1947), the Court held that a New York district court had discretion to dismiss, on *forum non conveniens* grounds, a diversity action based on an incident in Virginia. In the case now before the court, however, the doctrine of *forum non conveniens* does not apply; indeed Elkhart County lies within the Northern District of Indiana.

### (3)

The third factor considers the desirability of avoiding piecemeal litigation. This consideration was among the most persuasive to the *Colorado River* Court, which found that the McCarran Amendment evinced a clear federal policy of avoiding piecemeal adjudication of water rights in a river system. 424 U.S. at 819, 96 S.Ct. at 1247. In *Moses H. Cone Memorial Hospital*, this factor weighed against abstention: piecemeal litigation was inevitable, not by virtue of the separate forums, but rather by virtue of the arbitration issue, the determination of which in a federal, rather than state, forum would not dissemble the proceedings further. In *Lumen Construction*, the court noted that the state case involved more issues than did the federal,

and resolution of the issues in the state case would resolve those in the federal action as well; accordingly, this factor favored abstention.

The concern over piecemeal litigation encompasses identical suits, as well. In *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 567–68, 103 S.Ct. 3201, 3213–3214, 77 L.Ed.2d 837 (1983), the Court noted the unseemliness of two courts racing to conclude identical litigation. *Accord, Microsoftware Computer Systems v. Ontel Corp.,* 686 F.2d 531, 538 (7th Cir.1982) ("there would be a grand waste of efforts by both the courts and parties in litigating the same issues regarding the same contract in two forums at once"). Similarly, in *Board of Education of Valley View v. Bosworth,* 713 F.2d 1316 (7th Cir.1983), the court noted the likelihood of the state litigation rendering moot the federal case.

The same risks threaten this litigation. It is not within this court's authority to stay the Elkhart Superior Court action, *Lumen Construction Inc.,* 780 F.2d at 697, and that court will, presumably, resolve precisely the issues raised in this action. This factor, then, favors abstention, even recognizing that a plaintiff's act of filing identical suits in state and federal courts does not alone require abstention. *Illinois Bell Telephone Co. v. Illinois Commerce Com'n,* 740 F.2d 566 (7th Cir.1984); *Voktas, Inc. v. Central Soya Co.,* 689 F.2d 103 (7th Cir.1982).

### (4)

The fourth factor addresses the order in which the concurrent forums obtained jurisdiction. In *Moses H. Cone Memorial Hospital,* that factor favored federal jurisdiction; the right to seek arbitration in federal court did not accrue until less than a day before the state litigation began. In most of the abstention cases, the state suit antedated the federal case; the principal variable seems to be the amount of time that elapsed between the suits, and that factor seems to have carried little weight with the courts. *See, e.g., Illinois Bell Telephone Co. v. Illinois Commerce*

*Com'n,* 740 F.2d 566, 571 n. 6 (7th Cir. 1984). As the court noted in *Evans Transp. Co. v. Scullin Steel Co.,* 693 F.2d 715, 718–19 (7th Cir.1982), too great an emphasis on that concern does no more than to encourage litigants to "stay up all night and file their countersuit the next day rather than the next month".

By contrast, however, the suit now before the court was not filed "the next month", but rather was filed twenty-two months after the plaintiff first invoked the jurisdiction of the Elkhart Superior Court. While this factor may be of slight weight, it favors abstention.

### (5)

The fifth factor looks to the source of the law governing the action. The *Colorado River* Court noted the importance of state law and state interests in determining water rights, although the importance of this factor may have been slight. In *Moses H. Cone Memorial Hospital,* federal law—the Arbitration Act—would govern the issue in either state or federal court, and the Court stressed the importance of this factor. 460 U.S. at 26, 103 S.Ct. at 942 ("the presence of federal-law issues must always be a major consideration weighing against surrender"). The *Lumen Construction* court noted its concern that the plaintiffs' civil rights claims were federal in nature, but found equal importance in the need to first resolve contractual issues that were governed by state law. That federal law controlled the essential inquiry was found to be of particular importance in *Illinois Bell Telephone Co. v. Illinois Commerce Com'n,* 740 F.2d 566 (7th Cir. 1984), in which the district court's decision not to abstain was affirmed.

Mr. Kent asserts violation of federal constitutional rights in this court and in the Elkhart Superior Court. He also asserts in the Superior Court certain state constitutional claims, but there is no indication that the state constitutional provisions upon which he relies have been construed as affording any more or less protection than the corresponding federal provisions. This factor weighs against abstention.

### (6)

The *Lumen Construction* court phrased the sixth factor to be considered as "the adequacy of the state court action to protect the federal plaintiff's rights". 780 F.2d at 694. This is not a factor, however, that calls upon the federal judiciary to evaluate the competency of the state judiciary. Instead, the consideration is drawn from *Moses H. Cone Memorial Hospital*, in which the Court expressed doubts whether a North Carolina court was empowered to compel arbitration under the federal act; if the state court lacked the power, the remedy sought by the plaintiff could be obtained only in the federal court. By contrast, the authority of the state courts to enforce federal constitutional rights under Section 1983 is beyond question. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

It does not seem to the court that this factor can ever, in light of the requisite heavy weighting of the balance in favor of the exercise of jurisdiction, *Moses H. Cone Memorial Hospital*, 460 U.S. at 16, 103 S.Ct. at 937, favor abstention in an action in which federal jurisdiction is based upon federal constitutional claims. *Cf. Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531, 537–38 (7th Cir.1982) ("There are several factors that warrant staying the federal action pending the outcome of the New York action.... The New York state courts will be adept at interpreting and applying New York law as provided in the contract."). Plainly, the factor weighs in favor of exercising jurisdiction if the state court would lack jurisdiction to grant the relief sought by the federal plaintiff's claim. In the case before the court, however, this factor is neutral.

### (7)

The seventh factor is the relative progress of the state and federal proceedings. In *Moses H. Cone Memorial Hospital*, virtually no activity had taken place in the antecedent state case, while events had proceeded apace in federal court. In *Colorado River*, the Court noted that no action had taken place in the federal court other than the filing of the complaint and the motion to dismiss. In *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 570, 103 S.Ct. 3201, 3215, 77 L.Ed.2d 837 (1983), the Court noted "the infancy of the federal suits" in upholding abstention. In *Lumen Construction*, several pretrial conferences had been held in the state case, with deadlines set for completion of discovery and tendering of proposed pretrial orders, while the federal litigation had "not moved forward substantially". 780 F.2d at 696. This factor was also of significant importance in *Illinois Bell Telephone Co. v. Illinois Commerce Com'n*, 740 F.2d 566 (7th Cir.1984), in which the court reviewed the activities that had occurred in the state proceedings during the pendency of the federal appeal, and concluded that "the state court suit essentially is nowhere near resolution". 740 F.2d at 570.

In the case before the court, no activity has occurred in the federal forum save the filing of the complaint and filings related to the motion for stay. Although the court can only assume that the defendants would not find it unduly burdensome to answer a complaint virtually identical to the state complaint to which they have already responded, no answer has been filed. The state litigation has included discovery and, at the least, a hearing on, and determination of, a motion for class certification.

This factor, then, favors abstention. The court does not attribute great weight to this factor, however, simply because the two suits are so similar. It is doubtful that the discovery thus far accomplished in the state case would not be equally enlightening in the federal case.

### (8)

The *Lumen Construction* court listed as its eighth factor "the presence or absence of concurrent jurisdiction", and cited *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978), for the propriety of consideration of that factor. In *Calvert Fire*, the argument was made that a district court cannot abstain with reference to issues over which the federal courts have exclusive jurisdiction,

and the Court's plurality noted that the district judge had abstained only with respect to issues over which the state court had concurrent jurisdiction. The district court had retained jurisdiction over the issue within its exclusive jurisdiction.

It appears to the court that this factor is essentially the same as that discussed above as the sixth factor. The argument found persuasive in *Moses H. Cone Memorial Hospital* was essentially the same as that raised in *Calvert Fire:* only the federal court could compel arbitration; the North Carolina court could not.

In the cases before this court and the Elkhart Superior Court, jurisdiction is concurrent. Jurisdictional issues would not render abstention an abuse of discretion.

### (9)

■ The ninth factor listed by the *Lumen Construction* court was the availability of removal. A defendant in a state case should not be allowed to circumvent the removal statute by simply filing a federal claim after failing to remove a case to federal court in a timely fashion. See *Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1234 n. 14 (7th Cir.1979).

In *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531 (7th Cir.1982), the federal defendant had first sued the federal plaintiff in a New York state court. In evaluating whether the federal court should exercise its jurisdiction, the Court of Appeals noted, "If [the federal plaintiff] were concerned by prejudice in the New York state courts, it could have removed the state court action to a federal court in New York." 686 F.2d at 537. Judge Will also relied upon this factor in his ultimate abstention order following the Supreme Court's remand in *Calvert Fire*. *Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 459 F.Supp. 859, 863–64 (N.D. Ill.1978). In *Evans Transportation Co. v. Scullin Steel Co.*, 693 F.2d 715 (7th Cir. 1982), the court noted that the federal plaintiff had not had the option of removing the Missouri state court proceeding to federal court; that factor was weighed

heavily in vacating the district court's abstention order.

■ This factor does not apply to a case such as the one now before the court. The cases discussed teach that if the defendant in a state action could have removed the state action to federal court but did not do so, the defendant has made a choice of forum just as much as did the plaintiff, and that choice should be considered if that defendant then files a federal action. Mr. Kent, however, filed both pending actions, state and federal. That the defendants did not remove the state action in 1984 has no bearing on whether the plaintiff can maintain simultaneous actions.

### (10)

The final factor specified by the *Lumen Construction* opinion inquires whether the federal claim is vexatious or contrived. The factor emerged in the post-remand litigation in *Calvert Fire*. Judge Will specifically found that the federal claim was vexatious; the Seventh Circuit found it a proper factor to consider, and upheld the abstention order based in part upon the claim's vexatious nature. *Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 459 F.Supp. 859, 863–64 (N.D.Ill.1978). In *Voktas, Inc. v. Central Soya Co., Inc.*, 689 F.2d 103 (7th Cir.1982), the plaintiff filed a federal suit nearly identical to the state suit it had filed three months earlier. The plaintiff explained its reasons as including the broader discovery available and the likelihood of more expeditious resolution of the case. Magistrate Lee found that the federal claim was not vexatious or contrived, and the court of appeals affirmed his decision to exercise jurisdiction.

Mr. Kent's federal claim is not vexatious or contrived. More importantly for the issue now before the court, to the extent his claim is vexatious or contrived, it is so in the state court as well as in the federal court. This factor does not favor abstention; accordingly, it favors the exercise of jurisdiction.

(11)

No list of factors is exhaustive in the area of *Colorado River* abstention, *Voktas, Inc. v. Central Soya Co., Inc.*, 689 F.2d 103 (7th Cir.1982), and other courts have identified other factors to be considered. For example, in *Community Consol. Sch. Dist. No. 59 v. U.S. Fidelity & Guaranty Co.*, 626 F.Supp. 461 (N.D.Ill. 1985), a case in which the district court abstained, the court gave weight to the parties' previous willingness to litigate in state court. That factor favors abstention in the case now before the court.

### B

The factors set forth and analyzed above do not comprise a checklist to be mechanically applied with mathematical precision. They are to be considered in light of the courts' obligation to exercise their jurisdiction, and no single factor should be determinative. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, *supra*.

The considerations set forth above lead this court to conclude that, in the exercise of its discretion, it should grant the defendants' motion to stay this action on the basis of the abstention doctrine set forth in *Colorado River*. Simultaneous processing of both cases would result in a considerable waste of time and effort on the part of counsel, two courts, the litigants and the witnesses; the jurisdiction of the state court was invoked first and the state case has proceeded much further than has the federal action; although the claims at issue are grounded in federal law, the state court has concurrent jurisdiction to entertain the claims and can protect the plaintiff's rights adequately.

### III

For the foregoing reasons, the court now GRANTS the defendants' motion for stay. These proceedings are hereby stayed pending resolution of the action presently pending as Cause No. 10801 in the Elkhart Superior Court No. 2.

SO ORDERED.